# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00040-CR
NO. 03-15-00041-CR
NO. 03-15-00042-CR

**Kody Lee Broxton, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NOS. 73309, 73310 & 73311, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Kody Lee Broxton was charged with three counts of theft. *See* Tex. Penal Code § 31.03(a)-(b) (setting out elements of offense). Broxton pleaded guilty in all three counts, and the district court heard evidence supporting the guilty pleas. Accordingly, the district court found Broxton guilty, sentenced him to two years' imprisonment for each count, and ordered the punishments to run concurrently. *See id.* § 31.03(e)(4)(F) (providing that offense is state jail felony if value of property is less than $20,000 and if property stolen is brass); *see also id.* § 12.35 (listing permissible punishment range for state-jail felony).[1] After imposing its sentence, the district court gave Broxton permission to appeal his conviction.

---

[1] In addition to the three counts that are the subject of this opinion, Broxton also pleaded guilty to another theft charge. *See* Tex. Penal Code § 31.03(a)-(b). Broxton's attorney did not file an *Anders* brief regarding that conviction and instead filed a brief challenging the portion of the district court's judgment in that case ordering Broxton to pay restitution. The merits of that issue are addressed in a separate opinion. *See Broxton v. State*, No. 03-15-00043-CR.

Broxton's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988); *Anders*, 386 U.S. at 744-45; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Broxton's counsel has represented to the Court that he provided copies of the motion and brief to Broxton; advised Broxton of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following dismissal of this appeal as frivolous; and provided Broxton with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766.

After reviewing the evidence that was presented to the district court and the procedures that were observed, we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we agree with counsel that the appeal is frivolous and without merit. Therefore, we grant counsel's motion to withdraw and affirm the judgments of conviction.[2]

---

[2] No substitute counsel will be appointed. Should Broxton wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in court of criminal appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the clerk of the court of criminal appeals. *Id.* R. 68.3(a). If the petition is mistakenly filed with this Court, it will be forwarded to the court of criminal appeals. *Id.* R. 68.3(b). Any petition for discretionary review should comply with the rules of appellate procedure. *See id.* R. 68.4. Once

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 15, 2015

Do Not Publish

_____

this Court receives notice that a petition has been filed, the filings in this case will be forwarded to the court of criminal appeals.  *See id.* R. 68.7.